COURT OF APPEALS
DECISION
DATED AND FILED

March 11, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP128**

Cir. Ct. No. **2019CV1704**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

ROBERT L. SLAMKA,

    PETITIONER-APPELLANT,

V.

GENERAL HEATING AND AIR CONDITIONING INC. AND WISCONSIN
EMPLOYMENT RELATIONS COMMISSION,

    RESPONDENTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Dane County: WILLIAM E. HANRAHAN, Judge. *Affirmed*.

Before Blanchard, Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Robert L. Slamka appeals a circuit court order that affirmed a decision by the Wisconsin Employment Relations Commission (WERC) dismissing Slamka's complaint against General Heating and Air Conditioning, Inc. Slamka argues that WERC erred by dismissing Slamka's unfair labor practice claim on the ground that the claim is preempted by federal labor law. For the reasons set forth in this opinion, we reject Slamka's arguments. We affirm.

¶2 Slamka filed an unfair labor practice complaint with WERC, alleging that General Heating violated WIS. STAT. § 111.04(3)(a) (2017-18),[1] Wisconsin's "right-to-work" law, by rejecting Slamka's employment application because Slamka was not a union member. WERC dismissed the complaint on the basis that Slamka's claim is preempted by federal law under the National Labor Rights Act (NLRA). Slamka sought review in the circuit court, which affirmed WERC's decision.

¶3 In an appeal of a circuit court order reviewing an agency decision, we review the decision of the agency, not the circuit court. *See Wisconsin Pro. Police Ass'n v. WERC*, 2013 WI App 145, ¶10, 352 Wis. 2d 218, 841 N.W.2d 839. We independently review an agency interpretation of a statute. *Wisconsin Bell, Inc. v. LIRC*, 2018 WI 76, ¶29, 382 Wis. 2d 624, 914 N.W.2d 1. We also independently review whether federal preemption applies. *Partenfelder v. Rhode*, 2014 WI 80, ¶25, 356 Wis. 2d 492, 850 N.W.2d 896.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶4 Slamka argues that WERC has jurisdiction to enforce Wisconsin's right-to-work law. Slamka acknowledges that the NLRA vests jurisdiction in the National Labor Relations Board (NLRB) to hear claims of unfair labor practices. *See* 29 U.S.C. §§ 151-169. He asserts, however, that Wisconsin's right-to-work law is constitutional, *see International Association of Machinists District. 10 & Its Local Lodge 1061 v. State*, 2017 WI App 66, 378 Wis. 2d 243 903 N.W.2d 141, and that Wisconsin courts must have authority to enforce validly enacted state laws. He also argues that, in *Sweeney v. Pence*, 767 F.3d 654 (7th Cir. 2014), the Seventh Circuit implicitly held that state right-to-work laws are not preempted by federal law. He acknowledges that *Sweeney* did not explicitly address application of the federal preemption doctrine to a claimed violation of a state right-to-work law. He contends, however, that *Sweeney*'s holding that a state had legally enacted a right-to-work law prohibiting certain union agreements, and its lack of a holding that federal tribunals would have exclusive jurisdiction to enforce those rights, imply that federal law does not preempt a state right-to-work law.

¶5 Slamka then asserts that NLRB does not enforce state laws, and that Wisconsin's right-to-work law would be meaningless and he would be without a remedy if he could not pursue his claim in a state tribunal.[2] He asserts that the plain language of WIS. STAT. § 111.06(1)(a) establishes that WERC has

---

[2] In support, Slamka cites a letter from the Regional Director of NLRB that Slamka has included in the appendix to his brief. WERC and General Heating respond that the letter was not part of the record before the agency at the time it made its decision, and that the letter therefore should not be considered in our review of that decision. *See* WIS. STAT. § 227.57(1) (review of agency decision confined to record). Slamka does not dispute in reply that the letter is not properly before us. We therefore take this point as conceded. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979).

jurisdiction to hear a claim of a violation of the right-to-work law by stating that it is an unfair labor practice for an employer to violate WIS. STAT. § 111.04. He also argues that there is no case holding that Wisconsin's right-to-work law is preempted by federal law. Finally, he contends that he is entitled to a remedy for a wrong under Article 1, Section 9 of the Wisconsin Constitution, and that his right must be in a state tribunal.

¶6 WERC and General Heating respond that Slamka's claim that General Heating discriminated against Slamka on the basis of union membership in its hiring process is preempted by the NLRA. *See Nash v. Florida Indus. Comm'n*, 389 U.S. 235, 238 (1967) (NLRA is a comprehensive federal code that regulates labor relations in activities that affect interstate and foreign commerce); *Weber v. Anheuser-Busch, Inc.*, 348 U.S. 468, 480 (1955) (state may regulate labor relations only to the extent that state regulations do not conflict with NLRA). They contend that NLRB has exclusive jurisdiction over complaints in which the subject matter is arguably subject to the protections of the NLRA, such as Slamka's claim that General Heating discriminated against him in hiring by making union membership a condition of employment.[3] *See* 29 U.S.C. §§ 157, 158(a)(3), and 160 (prohibiting discrimination in hiring based on participation in union and setting forth process to pursue claimed violation before NLRB); *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 243-48 (1959) ("When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by [§] 7 of the National Labor Relations Act, or constitute an unfair labor practice under [§] 8, due regard for the federal enactment requires

---

[3] WERC and General Heating assert that, not only was Slamka's proper recourse to pursue his claim before NLRB, he in fact did so, and NLRB has rejected the claim on the merits.

that state jurisdiction must yield."). They also assert that the narrow exception that allows state regulations that prohibit agreements requiring union membership does not apply here. *See* 29 U.S.C. § 164(b); ***Retail Clerks Int'l Ass'n v. Schermerhorn***, 375 U.S. 96, 105 (1963) ("[S]tate power, recognized by [§] 14(b), begins only with actual negotiation and execution of the type of agreement described by [§] 14(b). Absent such an agreement, conduct that is arguably an unfair labor practice would be a matter for the National Labor Relations Board under ***Garmon***."). They contend that Slamka has not alleged an employer-union agreement in this case, and therefore this exception does not apply here and Slamka's claims are preempted by federal law.

¶7 We conclude that WERC properly dismissed Slamka's complaint on preemption grounds. As WERC and General Heating set forth in their briefs, well-settled case law establishes that the type of claim Slamka asserts in this case has been preempted by the NLRA. *See **Garmon***, 359 U.S. at 243-48. Slamka does not contend otherwise, and he does not contend that his claim falls within the exception for agreements between employers and unions. *See **Retail Clerks***, 375 U.S. at 105. Rather, Slamka argues that Wisconsin's right-to-work law is constitutional and was legally enacted, and that the Wisconsin Constitution guarantees a remedy for a wrong. Those contentions, however, do not persuade us that Slamka's claims are not preempted by the NLRA.

¶8 Moreover, Slamka concedes in his reply brief that there is no case law stating that preemption does not apply in this case. Accordingly, Slamka has not established that WERC erred by dismissing Slamka's complaint on preemption grounds. *See **City of La Crosse v. DNR***, 120 Wis. 2d 168, 178, 353 N.W.2d 68 (Ct. App. 1984) ("The burden in a [WIS. STAT.] ch. 227 review proceeding is on

the party seeking to overturn the agency action, not on the agency to justify its action."). We affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).